DECISION AND JOURNAL ENTRY
Defendant-appellant Montague Jeter appeals his conviction for escape in the Lorain County Court of Common Pleas. This Court affirms.
Jeter was released from prison under post-release control. He failed to report to his parole officer and was indicted, convicted, and sentenced under the Ohio escape statute, R.C.2921.34(A)(1).
Jeter timely appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE APPELLANT WAS GUILTY OF ESCAPE, PURSUANT TO OHIO [R.C.] 2921.34(a)(1), AS POST-RELEASE CONTROL, [R.C.] 2967.28 IS UNCONSTITUTIONAL.
In his first assignment of error, Jeter argues that Ohio's post-release control statute, R.C. 2967.28, is unconstitutional because it violates the separation of powers doctrine and the Due Process Clauses of the United States and Ohio constitutions, and therefore, the trial court erred in finding him guilty of escape. This Court disagrees.
On August 3, 2000, the Ohio Supreme Court found that "R.C.2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio constitutions."Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph one of the syllabus. Accordingly, Jeter's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II. THE TRIAL COURT ERRED IN HOLDING APPELLANT WAS GUILTY OF "ESCAPE" AS IT VIOLATED THE DOUBLE JEOPARDY [sic] OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AS MADE APPLICABLE TO THE FOURTEENTH AMENDMENT TO THE UNTED [sic] STATES CONSTITUTION, AS WELL AS THE DOUBLE JEOPARDY CLAUSE OF SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
Jeter analogizes post-release control to "bad time," and argues that the imposition of a prison sentence for a violation of his post-release control constitutes a criminal punishment. Jeter therefore concludes that the double jeopardy provisions of the United States and Ohio Constitutions prohibit his subsequent criminal prosecution for escape, arising from the same conduct. This Court finds Jeter's second assignment of error not well taken.
The Ohio Supreme Court recently distinguished post-release control from bad time, and explained that post-release control sanctions are part of the original judicially-imposed sentence:
 Under the current system of post-release control, the judge sentences the offender from the options available under the new sentencing scheme and informs the offender that he or she may be subject to a definite period of post-release control, which may last for up to three years in the case of discretionary post-release control, and that a violation of those conditions would result in additional time up to fifty percent of the original sentence. Those terms are part of the actual sentence, unlike bad time, where a crime committed while incarcerated resulted in an additional sentence not imposed by the court. In other words, the court imposes the full sentence and the APA determines whether violations merited its imposition. The defendant is fully informed at sentencing that violations of post-release control will result in, essentially, "time and a half." * * * [I]n contrast to the bad-time statute, post-release control is part of the original judicially-imposed sentence. * * * The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time.
 Woods supra, at ___. Therefore, Jeter's post-release control sanction is not a criminal punishment which operates to bar his later criminal prosecution for the same conduct, and "[t]he Double Jeopardy Clause does not prohibit subsequent criminal prosecutions based on the same conduct in these circumstances." State v. Holder (June 12, 2000), Warren App. No. CA99-09-117, unreported, citing State v.Boone (Mar. 10, 1994), Cuyahoga App. No. 64924, unreported. Accord State v. Dawson (Apr. 5, 2000), Tuscarawas App. No. 1999AP080051, unreported, appeal not allowed by (2000), 89 Ohio St.3d __.
Accordingly, Jeter's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE DEFENDANT GUILTY AS HE DID NOT "ABSCOND" FROM SUPERVISION AS SET FORTH IN [R.C.] 2967.15(c)(2).
Jeter asserts that his conviction for escape should be reversed because he did not "abscond" as required by2967.15(C)(2). Jeter admits that he was released from prison under post-release control, that he was required to report to a probation officer, and that he failed to report. He argues, however, that failing to report does not equate to "absconding," and therefore, he should not have been found "guilty of the charge of `Escape' as defined in [R.C.]2967.15." This Court finds Jeter's assertion meritless.
Jeter was not charged or found guilty under R.C. 2967.15. Jeter failed to report to his parole officer and was indicted, convicted, and sentenced under the Ohio escape statute, which punishes any person under detention who "purposely break[s] or attempt[s] to break the detention, or purposely fail[s] to return to detention * * * following temporary leave granted for a specific purpose or limited period." .
Furthermore, Jeter plead no contest to the indictment. This Court has previously explained the effect of a no contest plea:
 Once a defendant pleads no contest to a felony indictment, the state is relieved of the duty to prove all of the elements of the offense beyond a reasonable doubt. "The defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." Once a plea of no contest has been entered, the trial court then need only determine whether "the indictment * * * contains sufficient allegations to state a felony offense[.]" Bird, 81 Ohio St.3d at syllabus. If the indictment sufficiently states the felony offense, "the court must find the defendant guilty of the charged offense." Id.
 State v. Grant (Nov. 10, 1999), Lorain App. No. 98CA007038, unreported.
Accordingly, Jeter's third assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT, BATCHELDER, P. J., SLABY, J., CONCUR